# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MOORE,<br><br>                     Plaintiff,<br><br>v.<br><br>SUSAN TSUI GRUNDMAN, Chairman U.S.<br>Merit Systems Protection Board,<br><br>                     Defendant. | Case No. 11cv1570-DMS (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO APPOINT COUNSEL** |

## I. INTRODUCTION

On July 15, 2011, Plaintiff requested appointment of counsel under 42 U.S.C. § 2000e-5(f)(1), which provides for mandatory appointment of counsel for claims of employment discrimination under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act. (ECF No. 3) The Court denied Plaintiff's request without prejudice because it does not appear from the face of Plaintiff's complaint that he raises an employment discrimination claim under either act. (ECF No. 13 at 1.) The Court also denied Plaintiff's request because the Constitution does not provide a right to appointment of counsel in civil cases and Plaintiff's complaint does not appear to raise particularly complex legal issues. (ECF No. 13 at 2.) Plaintiff now requests the Court to reconsider its order. (ECF No. 15.)

In the present motion, Plaintiff argues appointment of counsel is appropriate because he is physically and mentally disabled and forced to live in Mexico because he cannot afford to live in the United States. (ECF No. 15-1 at 1.) Plaintiff also argues appointment of counsel is appropriate

because he has to stand in long lines to cross the border into the United States to file documents. (ECF No. 15-1 at 2.)  Finally, Plaintiff asserts that his complaint does raise an employment discrimination claim and that if the Court appoints him counsel he would be able to amend his complaint to adequately raise his employment discrimination and Americans with Disability Act claims.  (ECF No. 15-1 at 2.)

## II. APPLICABLE LAW

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, the Court "has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005).  This inherent power extends to prior rulings in the same litigation. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222 (9th Cir. 2010) ("a court may revisit prior decisions in a case and correct errors while the case is still pending").

Nevertheless, reconsideration is an "extraordinary remedy, to be used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (citation and internal quotation marks omitted). "A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." *United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). Lastly, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision." *Id.*

## III. ANALYSIS

Here, reconsideration of the Court's prior order is not warranted.  First, Plaintiff has not presented the Court with newly discovered evidence to justify appointment of counsel.  Second, Plaintiff is attempting to present evidence in his motion for reconsideration that he should have

raised in his initial motion. Most importantly, however, Plaintiff has not demonstrated a need for counsel at this stage in the proceedings.

Indeed, after reviewing Plaintiff's affidavit and the docket, it appears Plaintiff is aware he must comply with Rule 4(i)[1] but has thus far failed to comply. Rule 4(i) requires Plaintiff to deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought. Fed. R. Civ. P. 4(i). Rule 4(i) also requires Plaintiff to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. *Id.* Despite Plaintiff's failure to comply with Rule 4(i), the Court does not find the appointment of counsel necessary to overcome this apparent hurdle.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration without prejudice.

**IT IS SO ORDERED.**

DATED: April 13, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

---

[1] In his affidavit, Plaintiff cites Judge Sabraw's order denying without prejudice Plaintiff's motion for default judgment because Plaintiff failed to effect service as required by Rule 4(i). (*See* ECF No. 15-2 at 1.)