UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MOORE,<br><br>                              Plaintiff,<br><br><br>        vs.<br><br><br><br>SUSAN TSUI GRUNDMANN, et al.,<br><br>                          Defendant. | CASE NO 11cv1570-GPC-WMC<br><br>**ORDER**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO EXPEDITE APPOINTMENT OF COUNSEL**<br><br>[Dkt. Nos. 20, 33, 44.] |

On July 15, 2011, Plaintiff Dennis Moore ("Plaintiff") filed a Complaint against Defendant Susan Tsui and a motion to appoint counsel. [Dkt. Nos. 1 and 3.] On February 3, 2012, Magistrate Judge William McCurine, Jr., issued an order denying Plaintiff's motion to appoint counsel without prejudice. [Dkt. No. 13.] On March 15, 2012, Plaintiff filed a motion for reconsideration of order denying motion to appoint counsel. [Dkt. No. 15.] On April 13, 2012, Judge McCurine, Jr., denied the motion to reconsider without prejudice. [Dkt. No. 16.]

1   On July 10, 2012, Plaintiff filed a First Amended Complaint. [Dkt. No. 29.] On

2   May 16, 2012 Plaintiff filed a motion for reconsideration of order denying motion for

3   reconsideration of order denying motion to appoint counsel (sic). [Dkt. No. 20.]  On

4   August 28, 2012, Defendants Susan Tsui Grundmann, Anne M. Wagner, and the

5   United States ("Defendants") filed a motion to dismiss pursuant to Federal Rules of

6   Civil Procedure 12(b)(1) and 12(b)(6).  [Dkt. No. 33.]  On October 12, 2012, Plaintiff

7   filed an opposition to the motion.  [Dkt. No. 36.]  On May 8, 2013, Plaintiff filed an

8   emergency motion to expedite appointment of counsel. [Dkt. No. 44.]

9        For the reasons set out below, the Court **GRANTS** Defendants' motion to

10  dismiss and **DENIES** Plaintiff's motion for reconsideration of order denying motion

11  for reconsideration.  The Court **DENIES AS MOOT** Plaintiff's motion to expedite

12  appointment of counsel.

13                              **BACKGROUND**

14       In May 1983, Plaintiff appealed to the Merit Systems Protection Board ("MSPB"

15  or "the Board") an action taken by Plaintiff's employer, Defense Logistics Agency,

16  removing him from his position as an Accounting Technician based on attendance

17  related misconduct. [Dkt. No. 33, Declaration of Bernard Parker, Ex. 3 at 13 and Ex.

18  6 at 29-30.]  The MSPB dismissed the appeal without prejudice.  [Dkt. No. 33,

19  Declaration of Bernard Parker, Ex. 3 at 14.]  In September 1983, Plaintiff petitioned

20  the MSPB for review of the initial decision.  [Dkt. No. 33, Declaration of Bernard

21  Parker, Ex. 6 at 29.]  In May 1984, the MSPB denied Plaintiff's petition for review.

22  [Dkt. No. 33, Declaration of Bernard Parker, Ex. 6 at 30.]  Plaintiff then appealed to

23  the Court of Appeals for the Federal Circuit.  [Dkt. No. 33, Declaration of Bernard

24  Parker, Ex. 6 at 30.] Based on the MSPB's motion, the Court of Appeals remanded the

25  matter back to the MSPB.  [Dkt. No. 33, Declaration of Bernard Parker, Ex. 6 at 30.]

26       On remand, the MSPB held a full hearing on the merits and affirmed the removal

27  action.  [Dkt. No. 33, Declaration of Bernard Parker, at Ex. 6 at 30, 40.]  In 1987,

28  Plaintiff appealed the MSPB's final decision on the merits of his employment claims

to the federal district court for the Northern District of Illinois which affirmed the MSPB's decision. *See Moore v. Def. Logistics Agency*, 670 F. Supp. 800 (N.D. Ill. 1987). Plaintiff subsequently appealed to the Court of Appeals for the Seventh Circuit, which affirmed the district court's decision. *See Moore v. Carlucci*, 893 F.2d 1337 (7th Cir. 1989).

Twenty-two years later, on April 15, 2011, Plaintiff made a request for "records of my initial filing" from the MSPB and sought to re-open his case. [Dkt. No. 33, Ex. 1 at 3.] On April 21, 2011, the MSPB provided a docket sheet listing four cases related to Plaintiff and a copy of the initial decision of his appeal. [Dkt. No. 29, Ex. 2 at 9.] The MSPB also informed him that his file had been destroyed in accordance with their case retention policy. [Dkt. No. 33, Ex. 3 at 11.] On April 27, 2011, Plaintiff submitted a "FOIA appeal." [Dkt. No. 33, Ex. 4 at 17.] On June 1, 2011, the MSPB granted in part and denied in part Plaintiff's appeal. [Dkt. No. 33, Ex. 5 at 22-23.] The MSPB granted the appeal by providing the Westlaw and bound MSPB reporter copies of the 1984 final decision resulting from his initial appeal. [Id.] The MSPB denied the appeal to the extent Plaintiff was requesting additional documents because MSPB disclosed that Plaintiff's remaining case files were destroyed pursuant to the MSPB's policy to destroy all case files older than six years. [Id.]

On July 15, 2011, Plaintiff appealed to this Court the MSPB's decision pursuant to the Freedom Act and FOIA, naming Defendant Susan Tsui Grundmann, Chairman of the MSPB, in her official capacity. [Dkt. No. 1.] On July 10, 2012, Plaintiff filed his First Amended Complaint, adding tort, Title VII, and damage claims as well as criminal charges. [Dkt. No. 29.] Plaintiff also named Defendant Grundmann and additional Defendant Anne M. Wagner, MSPB Vice-Chairman, in their official and personal capacities. [Dkt. No. 29.]

In a letter dated July 1, 2011, the Clerk of the MSPB responded to and denied Plaintiff's request that the Board reopen his case [Dkt. No. 33 at Spencer Declaration at Ex. 4.] On September 8, 2011, the MSPB received another request from Plaintiff to

reopen or reconsider his appeal.  [Dkt. No. 33 at Spencer Declaration at Ex 5.]  The Clerk of the MSPB once again responded and denied Plaintiff's request by letter. [Dkt. No. 33, Ex. 6 at 28.]

## DISCUSSION

**A.    <u>MOTION TO DISMISS UNDER FRCP 12(b)(1) AND 12(b)(6)</u>**

### 1.    <u>Legal Standard</u>

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the applicable standard turns on the nature of the jurisdictional challenge.  A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge. *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  "If a defendant brings a facial attack, arguing that the allegations in the complaint are insufficient to attain jurisdiction, the Court's inquiry is the same as when ruling on a motion to dismiss under Rule 12(b)(6)." *Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant,* 406 F. Supp. 2d 1120, 1124 (S.D. Cal. 2005).  "Specifically, the reviewing court must accept as true the allegations of the complaint and must construe the complaint in favor of the complaining party." *U.S. ex rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181, 1189 (9th Cir. 2001) (citations omitted).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Taylor v. Accredited Home Lenders, Inc.* 580 F. Supp. 2d 1062, 1064, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  "In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party." *Id.* (citations omitted).   However, legal conclusions need not be taken as true merely

1   because they are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d

2   1191, 1200 (9th Cir. 2003).  If a complaint fails to state a claim, the court should grant

3   leave to amend unless it appears beyond a doubt the plaintiff would not be entitled to

4   relief under any set of facts proved.  *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th

5   Cir. 1982).

6        Here, Defendants' motion to dismiss challenges Plaintiff's First Amended

7   Complaint on its face.  Therefore, this Court accepts all facts alleged in the complaint

8   as true and all reasonable inferences in favor of Plaintiff.

9        **2.    Request to Reopen or Review Plaintiff's Appeal to the MSPB**

10       The Civil Service Reform Act of 1978 ("CSRA") permits a federal employee

11  subjected to an adverse personnel action such as discharge or demotion to appeal his

12  employer's decision to the Merit System Protection Board.  The MSPB may hear and

13  decide complaints for corrective or disciplinary action when an agency is alleged to

14  have committed a prohibited personnel practice.  5 U.S.C. §§ 1214, 1215.  The

15  complaint may allege the agency had insufficient cause for the discharge or demotion;

16  but the appeal may alternatively or in addition charge the agency with discrimination

17  prohibited by a federal statute.  *See* 5 U.S.C. § 7702(a)(1).  If the MSPB upholds the

18  personnel action, the employee may seek judicial review.  *See* 5 U.S.C. § 7702(a)(3).

19       **a.    District Court Jurisdiction**

20       Plaintiff contends that the MSPB erred in denying his request to reconsider or

21  reopen his MSPB appeal.  [Dkt. No. 29 at 2-3.]  Defendants argue that Plaintiff's

22  appeal would only be appropriate in the U.S. Court of Appeals for the Federal Circuit

23  because the district court lacks subject matter jurisdiction to review an MSPB decision

24  that does not involve an issue of discrimination decided on the merits.  [Dkt. No. 33.]

25  However, a recent Supreme Court case clarifies this dispute: "A federal employee who

26  claims that an agency action appealable to the MSPB violates an antidiscrimination

27  statute listed in § 7702(a)(1) should seek judicial review in district court, not the

28  Federal Circuit, regardless whether the MSPB decided her case on procedural grounds

1  or on the merits." *Kloeckner v. Solis*, 133 S. Ct. 596, 599 (2012).  In this case, Plaintiff

2  claims he has been affected by an adverse employment action as well as a Title VII

3  violation.  Therefore, Plaintiff is entitled to seek judicial review in a federal district

4  court.

5  **b.    No MSPB Final Order or Decision**

6  In the instant case, Plaintiff first sought relief before the MSPB to contest an

7  action taken by Plaintiff's previous employer in May 1983.  Plaintiff appealed the

8  MSPB's decision and then instituted proceedings before the Federal Circuit as well as

9  the Seventh Circuit.  Since May 1983, Plaintiff has instituted or appealed no fewer than

10 five actions before the Federal Court, the Seventh Circuit, and this Court relating to his

11 termination.

12 Plaintiff contends that the MSPB erred in denying his request for reconsideration

13 or reopening of his MSPB appeal.  [Dkt. No. 29 at 2-3.]  On April 15, 2011, Plaintiff

14 requested "to reopen and/or file a new appeal" in regard to his MSPB case.  [Dkt. No.

15 33 at Spencer Declaration, Ex. 1.]  On July 1, 2011, the Clerk of the Board sent

16 Plaintiff a letter denying Plaintiff's request to review the MSPB's final decision.  [Dkt.

17 No. 33 at Spencer Declaration, Ex. 4.]    On September 8, 2011, Plaintiff again

18 requested the MSPB to reopen or reconsider his appeal.  [Dkt. No. 33 at Spencer

19 Declaration, Ex 5.]  The Clerk of the Board again responded to Plaintiff by letter,

20 stating it would take no further action concerning his request. [Dkt. No. 33 at Spencer

21 Declaration, Ex. 6.]

22 Defendant contends this Court lacks jurisdiction as to Plaintiff's request to

23 reopen his MSPB appeal.  [Dkt. No. 33 at 7.]  This Court is constrained by the "so-

24 called 'final judgment rule,' [which] ordinarily limits our jurisdiction to appeals from

25 a decision or order that 'ends the litigation on the merits and leaves nothing for the

26 court to do but execute the judgment.'"  *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361

27 (Fed. Cir. 2009) (quoting *Allen v. Principi,* 237 F.3d 1368, 1372 (Fed. Cir. 2001)

28 (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373)).  The Federal

Circuit has held that the final judgment rule applies to appeals from the MSPB. *See Haines v. Merit Sys. Prot. Bd.,* 44 F.3d 998, 999 (Fed. Cir. 1995) ("Section 1295(a)(9) of Title 28 circumscribes our jurisdiction to review the Board's decisions, limiting it to jurisdiction over 'an appeal from a final order or final decision of the' Board.") (citing 28 U.S.C. § 1295(a)(9) (1988)). Thus, the Court's jurisdiction over this issue turns on whether the determination that Plaintiff seeks to appeal constitutes a final order for purposes of section 1295(a)(9). *Id.* at 999-1000.

As set forth in *Haines*, an administrative response from the clerk of the MSPB is not a final order of the MSPB. *Id.* at 1000. The letters Plaintiff received were an administrative response to Plaintiff's informal request to have the MSPB reconsider its final decision on its own motion. *Id.* ("The Clerk had been delegated the authority to make such responses by the Board and was performing only a ministerial function in this regard."). As there is no final order to review in this case, this Court is without subject matter jurisdiction over Plaintiff's claim. The Court hereby **GRANTS** Defendants' motion to dismiss Plaintiff's claim to reopen or review his case before the MSPB

### 3. Abuse of Discretion Claim

The Board has broad discretion in deciding whether to reopen particular appeals. *See Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1378 (Fed. Cir. 2003). Under MSPB regulations, the Director of the Office of Personnel Management (OPM) may request reopening or reconsideration of final MSPB decisions. 5 C.F.R. § 1201.118. The MSPB may also reopen an appeal and reconsider a decision by its own motion. 5 C.F.R. § 1201.118. However, such requests are granted only "under unusual circumstances, such as when the initial decision contained clear legal errors or when a party has proffered new and material evidence that would warrant a different outcome." *Zamot*, 332 F.3d at 137.

Plaintiff alleges "new evidence" exists, however he fails to provide material evidence to this Court or to the Board. [See Dkt. No. 29 at 7.] Plaintiff also asserts

1   that his appeal is "unusual" or "extraordinary." [Dkt. No. 29 at 4.]  Plaintiff has made

2   no showing of any legal error in the initial opinion or any new and material evidence

3   that could affect the outcome of the case.  Given the absence of any such showing in

4   the materials before the Board, it was not an abuse of discretion for the Board not to

5   have reopened the appeal.  Therefore, the Court **GRANTS** Defendant's motion to

6   Plaintiff's claim of abuse of discretion**.**

7       **4.      FOIA & Privacy Claims**

8           Federal Rule of Civil Procedure 12(b)(1) permits a party to raise by motion the

9   defense of "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)1. In this Circuit,

10  a "mootness" claim is properly raised with a 12(b)(1) motion. *See Gemtel Corp. v.*

11  *Community Redevelopment Agency*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994) (finding

12  "mootness" and "ripeness" properly challenged under Rule 12(b)(1)).  A claim is moot

13  when "it has lost its character as a present, live controversy," for instance, when an

14  administrative agency has performed the action sought by a plaintiff and the federal

15  court has no authority to grant effective relief.  *Rosemere Neighborhood Ass'n v. U.S.*

16  *Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Am. Rivers v. Nat'l*

17  *Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)).  The court does not have

18  jurisdiction over a moot claim.  *Id.*

19          When a person makes a FOIA request to a government agency, it must conduct

20  a good faith, reasonable search of those systems of records likely to possess the

21  requested information. *Lahr v. NTSB*, 569 F.3d 964, 986 (9th Cir. 2009).  The agency

22  may prove the reasonableness of its search by the declaration of a responsible agency

23  official.  *Id.*  However, under FOIA, "federal jurisdiction is dependent on a showing

24  that an agency has (1) improperly (2) withheld (3) agency records," not on the

25  reasonableness of the search. *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142

26  (1989) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136,

27  150 (1980)).  Once the requested records have been produced, there is no longer a live

28

case or controversy and the FOIA action becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Plaintiff appeals the MSPB's decision granting in part and denying in part his Privacy Act and FOIA request for all records from his MSPB appeals. [Dkt. No. 29.] Defendants argue that the MSPB has provided Plaintiff with all existing agency documents associated with his request. [Dkt. No. 33.] Attached to Defendants' motion to dismiss, is a declaration of Bernard Parker, an Information Management Specialist in the Merit Systems Protection Board's Office of the Clerk of the Board. [Dkt. No. 33, Declaration of Bernard Parker.] In the declaration, Mr. Parker details his search for the documents. *Id.* Mr. Parker states he provided two documents to Plaintiff and concluded no other documents existed because the paper case files in Plaintiff's case had been destroyed pursuant to the Board's retention policy. *Id.* The Court cannot provide relief to remedy the improper withholding of documents when the responsive agency records have already been produced. As such, Plaintiff's FOIA and Privacy Claims are moot. The Court **DISMISSES** Plaintiff's FOIA and Privacy Claims as **MOOT.**

### 5. Tort Claims

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). The requirement that a party file an administrative claim before filing an action under the FTCA arises from 28 U.S.C. § 2675(a), which provides in part:

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

The requirement of an administrative claim prior to bringing this action is a jurisdictional requirement. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)

1   (*citing Cadwalder v. United States,* 45 F.3d 297, 300 (9th Cir. 1995). Because the

2   requirement is jurisdictional, it "must be strictly adhered to." *Id.* (*citing Jerves v.*

3   *United States,* 966 F.2d 517, 521 (9th Cir. 1992) (citations and internal quotation marks

4   omitted).

5       Plaintiff asserts in his First Amended Complaint a "Tort claim of Obstruction of

6   Justice," and a "Tort Claim for Intentional Infliction of Emotional Distress." [Dkt. No.

7   29.] However, Plaintiff fails to allege in his First Amended Complaint that he has filed

8   any administrative claims. [*See* Dkt. No. 29.] Having failed to show exhaustion of his

9   administrative remedies, this Court **GRANTS** Defendant's Motion to Dismiss and

10  **DISMISSES** Plaintiff's tort claims.

11      Plaintiff does not assert any state tort law claims in his complaint. As such, the

12  Court declines to consider whether Plaintiff has properly alleged a tort claim based on

13  state law.

14      **6.    Title VII Claim**

15      Title VII provides that "[i]t shall be an unlawful employment practice for an

16  employer to fail or refuse to hire or to discharge any individual, or otherwise to

17  discriminate against any individual with respect to his compensation, terms, conditions,

18  or privileges of employment, because of such individual's race, color, religion, sex, or

19  national origin." 42 U.S.C. § 2000e-2(a)(1). To establish subject matter jurisdiction

20  under Title VII, a plaintiff must exhaust his or her administrative remedies before

21  bringing a claim before the appropriate court. *Id.* at 1099.

22      Again, Plaintiff fails to plead in his First Amended Complaint that he has

23  exhausted any administrative remedies in conjunction with his Title VII claim. [*See*

24  Dkt. No. 29.] Therefore, this Court **GRANTS** Defendant's Motion to Dismiss and

25  **DISMISSES** Plaintiff's Title VII claim**.**

26      **7.    No FEAR Act Claim**

27      The Notification and Federal Employees Antidiscrimination Act ("No FEAR

28  Act"), does not create a substantive right for which the government must pay damages,

but rather, it requires that federal agencies repay any discrimination or whistleblower damage awards out of agency funds rather than the General Fund of the Treasury. 5. U.S.C. § 2301, *et seq.  See also* Pub. Law 107-174, Sec. 201.  Thus, the No FEAR Act does not provide a private cause of action.  *See generally* 5 U.S.C. § 2301 et seq.; *see also Glaude v. United States,* 248 Fed. App'x. 175, 177 (Fed. Cir. 2007) ("Of the few courts that have considered claims made under the No Fear Act, none have found that the Act provides a private cause of action or creates a substantive right for which the government must pay damages.").

Plaintiff alleges Defendants Susan Tsui Grundmann and Anne M. Wagner are in violation of the No FEAR Act and are personally liable to Plaintiff.  However, the No FEAR act does not provide for a private cause of action and therefore, this Court lacks subject matter jurisdiction over Plaintiff's claim.   Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's No FEAR Act claim**.**

### 8.    Criminal Statute Claims

To the extent Plaintiff alleges criminal claims of lying to Congress and obstruction of justice, no private remedies exist.  A claim of obstruction of justice is a criminal charge and a private citizen does not have authority to initiate a federal criminal proceeding.  *See Morrison v. Olson,* 487 U.S. 654, 705 (1988); *United States v. Nixon,* 418 U.S. 683, 693 (1974).  *See also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) *aff'd sub nom. Humana Inc. v. Forsyth*, 525 U.S. 299 (1999) and *overruled on different grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) ("The obstruction of justice claim under 18 U.S.C. § 1503 is also futile because 18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action").

In Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, Plaintiff argues the Racketeer Influenced and Corrupt Organizations Act ("RICO") may apply.  To prevail in a civil action under Racketeer

1   Influenced and Corrupt Organizations Act (RICO), plaintiff must prove that the

2   defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of

3   racketeering activity, and additionally must establish that the defendant caused injury

4   to his business or property, which requires a showing that his injury was proximately

5   caused by defendant's fraudulent conduct, and that he has suffered a concrete financial

6   loss, which requires plaintiff to document the amount of damages to which he is

7   entitled. 18 U.S.C.A. § 1964(c).  *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016,

8   1021 (9th Cir. 2001).  Plaintiff alleges no such facts in his First Amended Complaint.

9   [Dkt. No. 29.]

10        Thus, Plaintiff's claims fail.  A private citizen such as Plaintiff has no authority

11   to initiate federal criminal prosecutions.  *See Morrison v. Olson,* 487 U.S. 654, 705,

12   108 S.Ct. 2597, 101 L.Ed.2d 569 (1988); *United States v. Nixon,* 418 U.S. 683, 693

13   (1974); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989) (stating that only the United

14   States as prosecutor can bring a criminal complaint under RICO).  Accordingly, the

15   Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Plaintiff's criminal

16   statute claims**.**

17   **B. MOTION FOR RECONSIDERATION**

18        **1. Background**

19        On July 15, 2011, Plaintiff requested appointment of counsel under 42 .S.C. §

20   2000e-d(f)(1), which provides for mandatory appointment of counsel for claims of

21   employment discrimination under Title VII of the Civil Rights Act of 1964 and Title

22   I of the Americans with Disabilities Act. [Dkt. No. 3] The Court denied Plaintiff's

23   request without prejudice because it did not appear from that Plaintiff raised an

24   employment discrimination claim.  The Court also denied Plaintiff's request because

25   the Constitution does not provide a right to appointment of counsel in civil cases and

26   Plaintiff's complaint does not appear to raise particularly complex issues. [Dkt. No. 13

27   at 2].

28        On March 15, 2012 Plaintiff filed a motion for reconsideration of the Court order

denying Plaintiff's motion for appointment of counsel. [Dkt. No. 14.] On April 13, 2012, the Court denied Plaintiff's motion for failure to provide newly discovered evidence to justify appointment of counsel. [Dkt. No. 16.]  The Court also denied Plaintiff's motion for failure to demonstrate a need for counsel at this stage of the proceedings.

Before the Court is Plaintiff's second motion for reconsideration and an emergency motion for appointment of counsel.[Dkt. Nos. 20, 44.] Although Plaintiff requests reconsideration of the Court order denying reconsideration, [Dkt. No. 16], the Court interprets Plaintiff's motion as a request to reconsider the initial order denying Plaintiff's motion to appoint counsel, [Dkt. No. 13]. In the motion for reconsideration, Plaintiff argues for appointment of counsel because he has found newly discovered evidence. *Id.*  Plaintiff also argues for appointment of counsel because his ongoing health issues make pro se representation difficult.  Finally, Plaintiff restates his request for appointment of counsel for his Title VII claims. *Id.* Plaintiff makes the same arguments in support of his emergency motion to expedite appointment of counsel. [Dkt. No. 44.] As such, the Court reads both Plaintiff's motions as a request to reconsider the Court order denying appointment of counsel.

### 2. Legal Standard

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, the Court "has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). This inherent power extends to prior rulings in the same litigation. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222 (9th Cir. 2010) ("a court may revisit prior decisions in a case and correct errors while the case is still pending").

Nevertheless, reconsideration is an "extraordinary remedy, to be used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court

is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (citation and internal quotation marks omitted). "A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." *United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). Lastly, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision." *Id.*

### 3. Analysis

The Court finds reconsideration of the Court's order is not warranted. As a preliminary matter, Plaintiff does not make any new assertions in favor of reconsideration. Although Plaintiff asserts he has presented "newly discovered evidence," the Court finds the information is not new and moreover, has no relevance to Plaintiff's request for counsel. Moreover, Plaintiff has not demonstrated a need for counsel. At this time, the Court refrains from reconsidering its' previous order denying appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration and **DENIES** Plaintiff's emergency motion to expedite for appointment of counsel.

### CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' motion to dismiss plaintiff's first amended complaint, [Dkt. No. 33.], and **DISMISSES WITHOUT PREJUDICE** the following claims: Plaintiff's request to reopen or review Plaintiff's appeal to the MSPB claim, FOIA and Privacy Act claims, abuse of discretion, violation of Federal Tort Claims Act, and Title VII claim. The Court **DISMISSES WITH PREJUDICE** Plaintiff's NO FEAR Act claim and criminal statute claims**.**

Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures the deficiencies identified herein.  If Plaintiff fails to file a Second Amended Complaint within 30 days, the case shall remain dismissed.

Finally, the Court **DENIES** Plaintiff's motion for reconsideration and **DENIES** Plaintiff's motion to expedite appointment of counsel. [Dkt. Nos. 20, 44.]

**IT IS SO ORDERED.**

DATED:  May 20, 2013

HON. GONZALO P. CURIEL
United States District Judge

11cv1570