UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DENNIS MOORE,<br><br>            Plaintiff,<br>vs.<br><br>SUSAN TSUI GRUNDMANN, et al.,<br><br>            Defendants. | CASE NO 11cv1570-GPC-JLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No. 54.] |
|---|---|

Presently before the Court is Plaintiff Dennis Moore's ("Plaintiff") Second Amended Complaint ("SAC"). (Dkt. No. 50.) On September 17, 2013, Defendants Susan Tsui Grundmann, Anne M. Wagner, Bernard Parker, and William D. Spencer ("Defendants") filed a motion to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 54.) The motion has been fully briefed. (Dkt. Nos. 80, 82.) The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons set out below, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's SAC.

## BACKGROUND

As set forth in the Court's Court's May 5, 2013 Order granting Defendants' motion to dismiss Plaintiff's First Amended Complaint, this action involves Plaintiff Dennis Moore's appeal of the Defense Logistics Agency's removal of

Plaintiff from an Accounting Technician position in May 1983. (Dkt. No. 45.) Plaintiff pursued administrative and judicial remedies for his removal. (Id.) Twenty-two years later, Plaintiff made a request for records from the Merit Systems Protection Board ("MSPB") and sought to re-open his case. (Id.) On July 15, 2011, Plaintiff filed a complaint before this Court to appeal the MSPB's denial of his request, naming Defendant Susan Tsui Grundmann, Chairman of the MSPB, in her official capacity. (Dkt. No. 1.) On July 10, 2012, Plaintiff filed his First Amended Complaint, adding tort, Title VII, and damage claims as well as criminal charges. (Dkt. No. 29.) Plaintiff also named Defendant Grundmann and additional Defendant Anne M. Wagner, MSPB Vice-Chairman, in their official and personal capacities. (Id.)

On May 5, 2013, this Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint, setting forth detailed reasons why Plaintiff's First Amended Complaint failed to state a claim upon which this Court may grant relief. (Dkt. No. 45.) Specifically, the Court found that: (1) it lacked subject matter jurisdiction over Plaintiff's appeal of the MSPB's denial of Plaintiff's request to re-open his appeal; (2) Plaintiff had failed to show any legal error or new and material evidence to support his "abuse of discretion" claim; (3) Plaintiff's Freedom of Information Act and Privacy Act claims were moot; (4) Plaintiff failed to allege exhaustion of administrative remedies as required to bring a tort claim under the Federal Tort Claims Act or Title VII of the Civil Rights Act of 1064; (5) the Court lacked subject matter jurisdiction over Plaintiff's Notification and Federal Employees Antidiscrimination Act claim because no private cause of action exists under the Act; and (6) Plaintiff lacked authority to bring a criminal Racketeer Influenced and Corrupt Organizations Act claim against Defendants. (Id.)

After the Court granted Plaintiff a sixty day extension of time to file a second amended complaint, (Dkt. No. 49), Plaintiff filed his Second Amended Complaint on September 3, 2013. (Dkt. No. 50.) Defendants now move to dismiss Plaintiff's

1  SAC on the grounds that issue preclusion bars Plaintiff's employment
2  discrimination claims; and that the SAC fails to assert claims falling within the
3  Court's subject matter jurisdiction. (Dkt. No. 54.)

## DISCUSSION

Federal Rule of Civil Procedure 8(a) outlines what must be in a claim for relief. A "complaint" is a claim for relief. The document must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) A demand for the relief sought . . .

Fed. R. Civ. P. 8(a). The purpose of a complaint is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original). After amendment of a complaint, the original complaint no longer performs any function and is "treated thereafter as non-existent." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)); see also Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). As a result, any amended complaint must be complete itself without reference to any superceded pleading or filed document. See Civ. L. R. 15.1; Hal Roach Studios, Inc., 896 F.2d at 1546 (9th Cir. 1989).

Here, Plaintiff's SAC does not perform the function of a complaint. Though titled "2nd Amended Complaint," (Dkt. No. 50), the filed document quotes extensively from the Court's prior orders, (id. at 2-4), references documents previously filed with this Court, (id. at 5-6), and sets forth legal arguments and authority in response to the Court's May 5, 2013 Order. (Id. at 6-16.) Absent from the SAC are any of the allegations that appeared in Plaintiff's prior complaints. (Compare Dkt. No. 50 with Dkt. No. 1; Dkt. No. 29.) Although pro se plaintiffs are

1 generally afforded some leeway in litigating cases in federal court, "[p]ro se
2 litigants must follow the same rules of procedure that govern other litigants." <u>King</u>
3 <u>v. Atiyeh</u>, 814 F.2d 565, 567 (citing <u>United States v. Merrill</u>, 746 F.2d 458, 465 (9th
4 Cir. 1984), <u>cert. denied</u>, 469 U.S. 1165 (1985)), <u>overruled on other grounds</u>, <u>Lacey</u>
5 <u>v. Maricopa Cnty.</u>, 693 F.3d 896 (9th Cir. 2012). "It was incumbent upon Plaintiff
6 to ensure that the [complaint] was complete in itself." <u>Davillier v. Perlstein</u>, No.
7 CV-08-7051 PSG (MANx), 2008 WL 5102014 at *1 (C.D. Cal. Dec. 2, 2008)
8 (striking pro se plaintiff's complaint due to incomplete amendment). Accordingly,
9 the Court hereby GRANTS Defendants' motion to dismiss the SAC. (Dkt. No 54.)

## CONCLUSION

11     For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss
12 Plaintiff's Second Amended Complaint. (Dkt. No. 54.) The motion hearing set to hear
13 Defendants' motion to dismiss on Friday, April 18, 2014 is hereby **VACATED**.
14 Plaintiff is **GRANTED** forty-five (45) days leave from the date of this Order to file a
15 Third Amended Complaint which cures the deficiencies identified herein and in the
16 Court's May 5, 2013 Order granting Defendants' motion to dismiss Plaintiff's First
17 Amended Complaint. (Dkt. No. 45.)

18     Plaintiff is cautioned that his Third Amended Complaint must be complete in
19 itself without reference to any superceded pleading or filed document. <u>See</u> Civ. L. R.
20 15.1; <u>Hal Roach Studios, Inc.</u>, 896 F.2d at 1546 (9th Cir. 1989). In addition, Plaintiff
21 is advised that the Court will not grant leave to file a fourth amended complaint. This
22 is Plaintiff's final opportunity to file a complaint that states a claim to relief. If the third
23 amended complaint fails to plead a claim to relief, this action will be dismissed with
24 prejudice.

25     **IT IS SO ORDERED.**

26 DATED:  April 10, 2014

27                            HON. GONZALO P. CURIEL
                           United States District Judge

28