1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MOORE, | CASE NO 11cv1570-GPC-JLB |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| SUSAN TSUI GRUNDMANN, et al., | **(2) VACATING HEARING DATE** |
| Defendants. | [Dkt. No. 101.] |

11
12
13
14
15
16
17
18

### I.  INTRODUCTION

19
20
21
22
23
24
25
26

Before the Court is Defendants Susan Tsui Grundmann, Anne M. Wagner, Bernard Parker, and William D. Spencer's ("Defendants") motion to dismiss Plaintiff Dennis Moore's ("Plaintiff") Third Amended Complaint ("TAC").  (Dkt. No. 101.) Plaintiff has filed an opposition.  (Dkt. No. 105.)  The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons set out below, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's TAC.

### II. BACKGROUND

27
28

In May 1983, Plaintiff appealed to the Merit Systems Protection Board ("MSPB") the Defense Logistics Agency's removal of Plaintiff from his position as an

1   Accounting Technician based on attendance related misconduct. (Dkt. No. 86 ¶ 1; Dkt.

2   No. 101-4 at 17, 33-34.[1])  In August 1983, the MSPB dismissed the appeal without

3   prejudice. (Dkt. No. 101-4 at 17-19.)  In February 1985, following remand from the

4   Federal Circuit, the MSPB affirmed Plaintiff's removal after conducting a full hearing

5   on the merits. (*Id.* at 33-46.)  Plaintiff appealed to the Northern District of Illinois,

6   which affirmed the MSPB's decision. *See Moore v. Defense Logistics Agency*, 670 F.

7   Supp. 800 (N.D. Ill. 1987).  Plaintiff subsequently appealed to the Seventh Circuit,

8   which affirmed the district court. *See Moore v. Carlucci*, 893 F.2d 1337 (7th Cir.

9   1989).

10   Over twenty years later, on April 15, 2011, Plaintiff made a request for "records

11   of my initial filing" from the MSPB and sought to reopen his appeal based on "new

12   information." (Dkt. No. 101-4 at 7.)  On April 21, 2011, the MSPB provided Plaintiff

13   a docket sheet listing four cases related to Plaintiff and a copy of the initial 1983 MSPB

14   decision of his appeal, but informed him that his file had been destroyed in accordance

15   with their case retention policy. (*Id.* at 6-7, 13, 15.)

16   On April 27, 2011, Plaintiff submitted a "FOIA appeal." (*Id.* at 21.)  On June

17   1, 2011, the MSPB granted in part and denied in part Plaintiff's appeal under the

18   Freedom of Information Act ("FOIA") and the Privacy Act. (*Id*. at 26-27.)  The MSPB

19   granted in part Plaintiff's appeal by providing the Westlaw and MSPB bound reporter

20   copies of the short form dismissal of his petition for review by the MSPB. (*Id.*)  The

21   MSPB denied the appeal to the extent Plaintiff was requesting additional documents

22   because Plaintiff's remaining case files were destroyed pursuant to the MSPB's policy

23   to destroy all closed case files after six years. (*Id.*)

24   On July 1, 2011, the Clerk of the MSPB sent Plaintiff a letter regarding his

25   request that the MSPB reopen his appeal, and informed him that he did not have a right

26   to further administrative review. (Dkt. No. 101-6 at 5.)  On September 8, 2011,

27

28   [1]Page number citations such as this one are to the page numbers reflected on the Court's CM/ECF system and not to page numbers assigned by the parties.

1 Plaintiff submitted another request that the MSPB reopen his appeal. (*Id.* at 7.) On

2 January 18, 2012, the Clerk of the MSPB sent Plaintiff another letter, again informing

3 him that he did not have a right to further administrative review. (*Id.* at 21.)

### III.  PROCEDURAL HISTORY

5      Plaintiff, proceeding *pro se*, originally filed this action on July 15, 2011.

6 (Dkt. No. 1.) On July 10, 2012, Plaintiff filed a First Amended Complaint ("FAC").

7 (Dkt. No. 29.)  Plaintiff appealed the MSPB's denial of his request to reopen his

8 appeal and alleged claims under FOIA and the Privacy Act regarding the MSPB's

9 denial of his request for records. (*Id.*)  Plaintiff also alleged tort, Title VII, and

10 criminal claims. (*Id.*)

11      On May 5, 2013, the Court granted Defendants' motion to dismiss Plaintiff's

12 FAC, setting forth detailed reasons why the FAC failed to state a claim upon which

13 this Court may grant relief. (Dkt. No. 45.)  Specifically, the Court found that: (1) it

14 lacked subject matter jurisdiction over Plaintiff's appeal of the MSPB's denial of

15 Plaintiff's request to reopen his case because the MSPB Clerk's administrative

16 response was not a final order; (2) Plaintiff had failed to show any legal error or

17 new and material evidence to support his claim that it was an "abuse of discretion"

18 for the MSPB not to reopen his case; (3) Plaintiff's FOIA and Privacy Act claims

19 were moot because the existing responsive documents had already been produced;

20 (4) Plaintiff failed to allege exhaustion of administrative remedies as required to

21 bring a tort claim under the Federal Tort Claims Act ("FTCA") or a discrimination

22 claim under Title VII of the Civil Rights Act; (5) the Court lacked subject matter

23 jurisdiction over Plaintiff's Notification and Federal Employees Antidiscrimination

24 Act claim because no private cause of action exists under the Act; and (6) Plaintiff

25 lacked authority to bring criminal claims against Defendants, and failed to

26 sufficiently allege a civil Racketeer Influenced and Corrupt Organizations Act

27 ("RICO") claim. (*Id.*)  The Court granted Plaintiff leave to amend the deficiencies

28 in his FAC.

11cv1570-GPC-JLB.

Plaintiff filed his Second Amended Complaint ("SAC") on September 3, 2013. (Dkt. No. 50.) On April 10, 2014, the Court granted Defendants' motion to dismiss Plaintiff's SAC for failure to comply with Federal Rule of Civil Procedure 8. (Dkt. No. 84.) Specifically, the Court found that Plaintiff's SAC did not contain the allegations that appeared in his prior complaints, but instead quoted extensively from the Court's prior orders, referenced documents previously filed with the Court, and set forth legal arguments and authority in response to the Court's May 5, 2013 Order. (*Id.*) The Court granted Plaintiff leave to file a Third Amended Complaint. (*Id.* at 4.) However, the Court cautioned Plaintiff that his Third Amended Complaint must be complete within itself without reference to any superceded pleading or filed document. (*Id.*) In addition, the Court advised Plaintiff that it would not grant leave to file a Fourth Amended Complaint, and this was Plaintiff's final opportunity to file a complaint that stated a claim to relief. (*Id.*) Otherwise, his action would be dismissed with prejudice. (*Id.*)

Plaintiff filed the operative TAC, *nunc pro tunc* to May 30, 2014. (Dkt. No. 86.) He named as Defendants Susan Tsui Grundmann, MSPB Chairman; Anne M. Wagner, MSPB Vice-Chairman; Bernard Parker, MSPB Information Management Specialist; and William D. Spencer, MSPB Clerk. (*Id.* at 1.) In the TAC, Plaintiff alleges that: (1) the MSPB erroneously denied his FOIA and Privacy Act request for records; (2) the MSPB abused its discretion in declining to reopen Plaintiff's MSPB appeal of his termination; (3) Defendants violated his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution; (4) Defendants violated RICO; (5) Defendants intentionally inflicted emotional distress; and (6) Defendants obstructed justice.

On October 8, 2014, Defendants filed the instant motion to dismiss Plaintiff's TAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 101.)

Plaintiff filed a response on November 14, 2014. (Dkt. No. 105.) Defendants did not file a reply.

# IV.  LEGAL STANDARD

## A.  Federal Rule of Civil Procedure 12(b)(1)

A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge.  *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).  A facial challenge, like that presented here, asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, and is reviewed under the same standard as a motion brought under Rule 12(b)(6).  *Id.*

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."  *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).

## B.  Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  *Id.* at 545.  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume

1  the truth of all factual allegations and must construe all inferences from them in the

2  light most favorable to the nonmoving party.  *Thompson v. Davis*, 295 F.3d 890,

3  895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.

4  1996).  Legal conclusions, however, need not be taken as true merely because they

5  are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200

6  (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

7  Moreover, a court "will dismiss any claim that, even when construed in the light

8  most favorable to plaintiff, fails to plead sufficiently all required elements of a cause

9  of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal.

10  1998).  If a plaintiff fails to state a claim, a court need not permit an attempt to

11  amend a complaint if "it determines that the pleading could not possibly be cured by

12  allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*

13  *Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

14       In addition, courts "liberally construe[]" documents filed pro se, *Erickson v.*

15  *Pardus*, 551 U.S. 89, 94 (2007), affording pro se plaintiffs benefit of the doubt.

16  *Thompson*, 295 F.3d at 895; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623

17  (9th Cir. 1988); *see also Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008)

18  ("[T]he Court has held pro se pleadings to a less stringent standard than briefs by

19  counsel and reads pro se pleadings generously, 'however inartfully pleaded.'").  Pro

20  se litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*,

21  154 F.3d 952, 957 (9th Cir. 1998) (en banc).  However, the Ninth Circuit has

22  declined to ensure that district courts advise pro se litigants of rule requirements.

23  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-67 (9th Cir. 1986) ("Pro se litigants in

24  the ordinary civil case should not be treated more favorably than parties with

25  attorneys of record . . . it is not for the trial court to inject itself into the adversary

26  process on behalf of one class of litigant").  And, in giving liberal interpretation to a

27  pro se complaint, the court is not permitted to "supply essential elements of the

28  claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*,

673 F.2d 266, 268 (9th Cir. 1982).  As with pleadings drafted by lawyers, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## V.  DISCUSSION

In their motion to dismiss, Defendants contend that the TAC fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and fails to assert claims within the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[2]

### A.  FOIA and Privacy Act Claims

Defendants argue, and this Court previously ruled, that Plaintiff's FOIA and Privacy Act claims are moot.  (Dkt. No. 45 at 8-9; Dkt. No. 101-1 at 10-12.)

A moot claim deprives the court of subject matter jurisdiction and requires dismissal under Federal Rule of Civil Procedure 12(b)(1).  *See Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994) (finding "mootness" and "ripeness" properly challenged under Rule 12(b)(1)).  A claim is moot when "it has lost its character as a present, live controversy," for instance, when an administrative agency has performed the action sought by a plaintiff and the federal court has no authority to grant effective relief.  *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009) (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)).

Under FOIA, "federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records."  *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  Once the requested records have

---

[2]The Court does not reach Defendants' argument that the TAC fails because it is not complete in itself.  (Dkt. No. 101-1 at 8.)  The Court also does not reach Defendants' argument that issue preclusion bars Plaintiff from relitigating his employment discrimination claims because the TAC does not include any Title VII or employment discrimination claims. (Dkt. No. 101-1 at 9-10; Dkt. No. 105 at 4.)

1   been produced, there is no longer a live case or controversy and the FOIA action

2   becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

3        When a person makes a FOIA request to a government agency, it must

4   conduct a good faith, reasonable search of those systems of records likely to possess

5   the requested information. *Lahr v. NTSB*, 569 F.3d 964, 986 (9th Cir. 2009).  The

6   agency may prove the reasonableness of its search by the declaration of a

7   responsible agency official.  *Id.*

8        Here, Plaintiff appeals the MSPB's decision granting in part and denying in

9   part his FOIA and Privacy Act request for all records from his MSPB appeal.  (Dkt.

10  No. 86 ¶¶ 9-10, 15-19.)  In its May 20, 2013 order, the Court determined that

11  Plaintiff's FOIA and Privacy Act claims are moot because the MSPB had given

12  Plaintiff all existing agency documents associated with his request.  (Dkt. No. 45 at

13  9.)  As with Defendants' prior motions, attached to Defendants' motion to dismiss

14  the TAC is a declaration of Bernard Parker, an MSPB Information Management

15  Specialist.  (Dkt. No. 101-4 at 1-3.)  In the declaration, Mr. Parker details his search

16  for the documents.  (*Id.*)  Mr. Parker states he provided two documents to Plaintiff

17  (the docket sheet listing four cases related to Plaintiff and a copy of the initial 1983

18  MSPB decision of his appeal) and concluded no other documents existed because

19  the paper case files in Plaintiff's case had been destroyed pursuant to the MSPB

20  retention policy.  (*Id.*)

21       Plaintiff contends that his FOIA and Privacy Act claims are not moot and a

22  live controversy still exists.  (Dkt. No. 86 at 4; Dkt. No. 105 at 2.)  He alleges that

23  he spoke by telephone with an employee of the Federal Records Center ("FRC") in

24  Chicago, and the employee indicated that the FRC had MSPB records stored there

25  from 1970 to the present.  (Dkt. No. 86 ¶ 18.)  Plaintiff also alleges that he obtained

26  from the FRC in Chicago copies of his case records that the MSPB maintained

27  there.  (*Id.* ¶¶ 26-27.)  He claims that there is "a presumption that the requested

28  records could be" at the FRC in Chicago, "yet defendants have made no efforts to

1    ascertain for sure they were actually there."  (*Id.* ¶ 19.)

2         The Court concludes again that Plaintiff's FOIA and Privacy Act claims are

3    moot.  Defendants have provided declarations demonstrating that the MSPB

4    conducted a search reasonably calculated to uncover all relevant documents, and

5    provided Plaintiff with all existing agency documents associated with his case.  As

6    the declarants explain, the materials Plaintiff obtained from the FRC in Chicago are

7    district court records, not MSPB records.  (Dkt. No. 101-2 ¶ 7.)  Plaintiff's

8    contentions that his requested records could be at the FRC in Chicago are too

9    speculative to support that the MSPB's search was inadequate and that the records

10   still exist.  *See Lahr*, 569 F.3d at 988.  The Court cannot grant Plaintiff effective

11   relief to remedy the improper withholding of documents when the existing

12   responsive agency records have already been produced.

13        The Court further concludes that any amendment of Plaintiff's FOIA And

14   Privacy Act claims would be futile.  *See Mirmehdi v. United States*, 689 F.3d 975,

15   985 (9th Cir. 2012) (a party is not entitled to amend the complaint if amendment

16   would be futile).  The Court previously detailed why these claims are moot, and

17   Plaintiff failed to cure this deficiency.  (Dkt. No. 45 at 8-9.)  Moreover, the Court

18   already provided Plaintiff multiple opportunities to amend, and warned him that his

19   TAC would be his last opportunity.  (Dkt. No. 84 at 4.)  *See Chodos v. W. Publ'g*

20   *Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already

21   granted a plaintiff leave to amend, its discretion in deciding subsequent motions to

22   amend is particularly broad." (citation and internal quotation marks omitted)).

23        Therefore, the Court **DISMISSES WITHOUT LEAVE TO AMEND**

24   Plaintiff's FOIA and Privacy Act claims as moot.

25   **B.  Claims Regarding MSPB Declining to Reopen his Appeal**

26        Plaintiff claims that the MSPB abused its discretion in declining his request

27   to reopen or reconsider his MSPB appeal.  (Dkt. No. 86 ¶¶ 9, 12-13, 20, 22, 28-29,

28   33-41.)  Defendants contend, and the Court previously ruled, that the Court lacks

jurisdiction as to Plaintiff's request to reopen his MSPB appeal because the MSPB

Clerk's letters regarding Plaintiff's request were not final, appealable decisions, but

rather "an administrative response to Plaintiff's informal request to have the MSPB

reconsider its final decision on its own motion."  (Dkt. No. 45 at 6-7; Dkt No. 101-1

at 14-15.)  *See also Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 1000 (Fed. Cir.

1985).

Plaintiff contends that the MSPB letters were "final decisions" because the

MSPB letter denying in part his appeal under FOIA and the Privacy Act stated that

it was a "final decision" and Plaintiff had the right to seek judicial review in a U.S.

District Court.  (Dkt. No. 86 ¶ 9; Dkt. No. 101-4 at 27; Dkt. No. 105 at 3.)

However, that MSPB letter only concerned Plaintiff's FOIA and Privacy Act claims,

and explicitly did not concern Plaintiff's request to reopen his MSPB appeal.  (Dkt.

No. 101-4 at 26 n.1.)

Plaintiff also argues that he is "not attempting to appeal . . . 'an administrative

response' of the letters sent to them, but the actual 'final' decision that brought

about the request to reopen based on 'New and Material Evidence.'" (Dkt. No. 105

at 5.)  He further specifies "[a]gain, I am not considering the letters that I sent to the

MSPB as final decisions, nor should this Court, but the actual final decisions made

before the MSPB, specifically referenced as EXHIBIT 3 in their motion to dismiss."

(*Id.*)  There are two documents labeled as "Exhibit 3" which are included with

Defendants' motion to dismiss, and therefore it is unclear which Exhibit 3 Plaintiff

is referencing.  The first Exhibit 3 is attached to the declaration of Bernard Parker,

and is an email response from the MSPB Clerk to Plaintiff's April 15, 2011 request

for "records of my initial filing," which includes a copy a the MSPB's initial 1983

decision.  (Dkt. No. 101-4 at 14-19.)  The second Exhibit 3 is attached to the

declaration of William Spencer, and is a copy of the MSPB's 1985 decision

affirming his removal following remand from the Federal Circuit.  (Dkt. No. 101-5

at 15-26; Dkt. No. 101-6 at 1-3.)  To the extent Plaintiffs contends that he is

appealing from the MSPB's 1983 or 1985 decisions, the time to do so has long expired, and Plaintiff already appealed that decision to the Northern District of Illinois and the Seventh Circuit.

In addition, Plaintiff contends that this Court has authority to review his claim under the Administrative Procedures Act ("APA"). (Dkt. No. 86 ¶ 2; Dkt. 105 at 4-5.) However, the Civil Service Reform Act ("CSRA") governs personnel-related claims by federal employees. *See Kloeckner v. Solis*, 133 S. Ct. 596, 600 (2012); *United States v. Fausto*, 484 U.S. 439, 455 (1988). Plaintiff's argument that his attempt to reopen his MSPB appeal is not personnel-related is unpersuasive because his appeal concerned his removal from federal employment. (Dkt. No. 105 at 3-4.) Any jurisdiction this Court has to review Plaintiff's claim derives from the CSRA, not the APA.

Thus, the Court again concludes that it lacks jurisdiction as to Plaintiff's request to reopen his MSPB appeal. The Court further concludes that any amendment of Plaintiff's claim that the MSPB abused its discretion by declining to reopen his appeal would be futile. *See Mirmehdi*, 689 F.3d at 985. The Court previously detailed why the Court lacks jurisdiction over this claim, and Plaintiff failed to cure this deficiency. (Dkt. No. 45 at 6-7.) Moreover, the Court already provided Plaintiff multiple opportunities to amend, and warned him that his TAC would be his last opportunity. (Dkt. No. 84 at 4.) *See Chodos*, 292 F.3d at 1003.

Therefore, the Court **DISMISSES WITHOUT LEAVE TO AMEND** for lack of jurisdiction Plaintiff's claim that the MSPB abused its discretion by declining to reopen his appeal.

**C. Due Process Claim**

Plaintiff claims that "Defendants violated the due process clause of the 5th and 14th Amendments to the U.S. Constitution" by declining to reopen his MSPB appeal. (Dkt. No. 86 ¶ 52.) Plaintiff also alleges that "tenured government employees have a property right in continued employment requiring due process

1    prior to government interference." (*Id.* ¶ 43.)

2        The Due Process Clause of the Fifth Amendment forbids the federal

3    government from depriving persons of "life, liberty, or property, without due

4    process of law."[3]  U.S. Const. amend. V.  To be entitled to procedural due process, a

5    party must show a liberty or property interest in the benefit for which protection is

6    sought.  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  If the party establishes that

7    such an interest exists, a court determines what process was due and whether the

8    party was actually afforded such process.  *Id.* at 481-82.  "[G]overnment employees

9    can have a protected property interest in their continued employment *if* they have a

10   legitimate claim to tenure or if the terms of the employment make it clear that the

11   employee can be fired only for cause."  *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727

12   F.3d 917, 922 (9th Cir. 2013).

13       Defendants contend that to the extent that Plaintiff claims the procedures

14   afforded in his termination did not adequately protect his protected property interest

15   in his government employment, it is barred by res judicata, or claim preclusion,

16   because Plaintiff could have raised such a due process claim in his prior litigation

17   before the MSPB, Northern District of Illinois, and Seventh Circuit.  (Dkt. No. 101-

18   1 at 13-14.)

19       "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were

20   raised *or could have been raised*' in a prior action."  *Stewart v. U.S. Bancorp*, 297

21   F.3d 953, 956 (9th Cir. 2002) (citation omitted).  "Res judicata applies when there

22   is: '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or

23   privity between parties.'"  *Id.* (citation omitted).

24       The Court concludes that any due process claim by Plaintiff regarding the

25   adequacy of procedures at his termination is barred by res judicata.  Plaintiff could

26

27   _____

28       [3]The Fourteenth Amendment is not applicable to the federal government, but the Fifth Amendment imposes on the federal government the same obligations that the Fourteenth Amendment imposes on the states.  *See Hampton v. Mow Sun Wong*, 426 U.S. 88, 100 (1976).

have raised such a due process claim in his prior litigation.  Plaintiff received a final judgment on the merits of his termination from the Seventh Circuit.  Although the instant Defendants were not named in the prior litigation, their interests were substantially aligned with the prior defendants.  *See United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997) (privity exists for purposes of res judicata where the interests of a non-party were represented adequately by a party in the original suit).

Defendants also contend that to the extent Plaintiff seeks to raise a due process claim in connection with his request to reopen his MSPB appeal, he has not identified (and does not possess) any protected property interest in the MSPB's administrative procedures, and he has not alleged what process was due that the MSPB failed to provide.  (Dkt. No. 101-1 at 14.)  Plaintiff argues that the MSPB had discretion to reopen his appeal under 5 C.F.R. § 120.118, which provides that:

> Regardless of any other provision of this part, the Board may at any time reopen any appeal in which it has issued a final order or in which an initial decision has become the Board's final decision by operation of law.  The Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final.

(Dkt. No. 105 at 3.)  However, this provision only gives the MSPB "discretion" to reopen an appeal, and the Court concludes that Plaintiff has not demonstrated any protected property interest in the MSPB's administrative procedures.  *See Doyle v. City of Medford*, 606 F.3d 667, 672 (9th Cir. 2010) ("A regulation granting broad discretion to a decision-maker does not create a property interest.").

The Court further concludes that any amendment of Plaintiff's due process claim would be futile.  *See Mirmehdi*, 689 F.3d at 985.  While this is the first time the Court has specifically detailed the deficiencies in Plaintiff's due process claim, the Court cannot conceive of additional facts that would cure this claim.  Moreover, the Court already provided Plaintiff multiple opportunities to amend, and warned him that his TAC would be his last opportunity.  (Dkt. No. 84 at 4.)  *See Chodos*, 292 F.3d at 1003.

1    Therefore, the Court **DISMISSES WITHOUT LEAVE TO AMEND AND**

2    **WITH PREJUDICE** Plaintiff's due process claim for failure to state a claim.

3    **D.   RICO Claim**

4        Plaintiff alleges a civil RICO claim against Defendants.  (Dkt. No. 86 ¶¶ 42-

5    44.)  Defendant contends that Plaintiff has failed to state a claim.  (Dkt. No. 101-1 at

6    16-17.)

7        For a civil RICO claim, a plaintiff must prove that the defendant engaged in

8    (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity,

9    while also demonstrating that a defendant caused injury to his business or property.

10   *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001).

11       Plaintiff has failed to sufficiently allege a civil RICO claim.  Although

12   Plaintiff alleges that he has suffered lost wages since his termination over thirty

13   years ago by Defense Logistics Agency, this injury is not causally linked to the

14   actions of Defendants.  (Dkt. No. 86 ¶ 42).  More importantly, although Plaintiff

15   recites the elements of a RICO claim, he has alleged no facts in his TAC that would

16   satisfy the other elements of a RICO claim.[4]  (*Id.*)

17       The Court further concludes that any amendment of Plaintiff's RICO claim

18   would be futile.  *See Mirmehdi*, 689 F.3d at 985.  The Court previously detailed why

19   Plaintiff failed to state a RICO claim, and Plaintiff failed to cure this deficiency.

20   (Dkt. No. 45 at 11-12.)  Moreover, the Court already provided Plaintiff multiple

21   opportunities to amend, and warned him that his TAC would be his last opportunity.

22   (Dkt. No. 84 at 4.)  *See Chodos*, 292 F.3d at 1003.

23       Therefore, the Court **DISMISSES WITHOUT LEAVE TO AMEND AND**

24   **WITH PREJUDICE** Plaintiff's RICO claim for failure to state a claim.

25   **E.   Tort Claims**

26       Finally, Plaintiff alleges "common law" claims of intentional infliction of

27   _____

28       [4]The Court does not reach Defendants' alternative argument that Plaintiff's
     RICO claim should be construed as directed toward the United States and dismissed
     for lack of jurisdiction based on sovereign immunity.  (Dkt. No. 101-1 at 17-18.)

11cv1570-GPC-JLB.

1   emotional distress and obstruction of justice.  (Dkt. No. 86 ¶¶ 45-51.)  Defendants

2   contend, and the Court previously ruled, that this Court lacked jurisdiction over

3   Plaintiff's tort claims because Plaintiff failed to show that he exhausted his

4   administrative remedies under the FTCA.  (Dkt. No. 45 at 9-10; Dkt. No. 101-1 at

5   16-17.)

6        The FTCA is the exclusive remedy for tortious conduct by the United States,

7   and it only allows claims against the United States.[5]  *F.D.I.C. v. Craft*, 157 F.3d

8   697, 706 (9th Cir. 1998).  The requirement of administrative exhaustion with the

9   appropriate federal agency pursuant to 28 U.S.C. § 2675(a) is a jurisdictional

10  prerequisite to bringing an FTCA claim in federal court.  *Brady v. United States*,

11  211 F.3d 499, 502 (9th Cir. 2000).  Because the requirement is jurisdictional, it

12  "must be strictly adhered to."  *Id.* (citation and internal quotation marks omitted).

13       Plaintiff fails to allege in his TAC that he has filed any administrative claims.

14  Further, Defendants have submitted a declaration that the MSPB has no record of an

15  FTCA claim filed by Plaintiff.  (Dkt. No. 101-3.)

16       In his opposition to the motion to dismiss, Plaintiff does not contend that he

17  exhausted his administrative remedies under the FTCA.  Instead, Plaintiff contends

18  that "[a]s defendants are being sued in their official and personal capacities they

19  cannot run for cover from Tort Claims."  (Dkt. No. 105 at 5.)  However, the factual

20  allegations in Plaintiff's TAC make clear that Plaintiff has sued Defendants based

21  on their acts within the scope of their employment with the MSPB.

22       The Court further concludes that any amendment of Plaintiff's tort claims

23  would be futile.  *See Mirmehdi*, 689 F.3d at 985.  The Court previously detailed why

24  the Court lacks jurisdiction over these claims because Plaintiff failed to exhaust his

25  administrative remedies under the FTCA, and Plaintiff failed to cure this deficiency.

26  (Dkt. No. 45 at 9-10.)  Moreover, the Court already provided Plaintiff multiple

27

28       [5]Upon finding that the individual employees were acting within the scope of their
employment for purposes of the FTCA, the United States substituted itself into this
action in place of the individual defendants.  (Dkt. No. 52; Dkt. No. 101-1 at 7 n.2.)

11cv1570-GPC-JLB.

opportunities to amend, and warned him that his TAC would be his last opportunity. (Dkt. No. 84 at 4.) *See Chodos*, 292 F.3d at 1003.

Therefore, the Court **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's tort claims for lack of jurisdiction.

## VI.  CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

(1)   the Court **GRANTS** Defendants' motion to dismiss Plaintiff's TAC. (Dkt. No. 101.)

(2)   Plaintiff's TAC is **DISMISSED WITHOUT LEAVE TO AMEND**.

(3)   Plaintiff's due process and RICO claims are **DISMISSED WITH PREJUDICE**.

(4)   the Court hereby **VACATES** the hearing date set for this matter on December 12, 2014 at 1:30 p.m.

(5)   the Clerk of the Court is directed to close the case.

DATED:  December 8, 2014

HON. GONZALO P. CURIEL
United States District Judge